OPINION AND ORDER
A Petition for Review of the Tribal Trial Court’s February 26, 2013 dismissal of the Family Court Petition filed by Petitioner/Appellant Kristen Bluehorse under Comprehensive Code of Justice, (“CCOJ”), Title X, and chapter 3 was timely filed. Briefing has been completed. We affirm in part, reverse in part and remand to the Tribal Trial Court for further proceedings in accordance with this Opinion and Order.
*187 The Tribal Trial Court dismissed Mrs. Bluehorse’s Family Petition of January 2, 2013, based on factual findings including the following. The Tribal Trial Court had been informed that state court proceedings concerning custody of the children and legal separation had been filed by Respondent/Appellee Stanley Bluehorse Jr., in state district court in the Eighteenth Judicial District, Gallatin County, on October 2, 2012. The family resided in Bozeman for six months prior to October 2012. (As set forth in Fort Peck Tribal Court of Appeals Case. No. 623, involving the same parties, Mrs. Bluehorse left Bozeman with the Children and moved to the Fort Peck reservation in late September, alleging domestic abuse against Mr. Bluehorse.) The Tribal Trial Court had been informed that the state district court issued an interim parenting plan on October 29, 2012 and a Decree of Legal Separation, which incorporated the previously-adopted parenting plan, on January 11, 2013. As legal conclusions, the Tribal Trial Court determined that further action in the Tribal Court purporting to change the state family law Orders would violate the federal Parental Kidnapping Prevention Act because the state of Montana was the “home state” within the meaning of that Act.
As we indicated in Fort Peck Court of Appeals Case No. 623, the party bringing the issue of another jurisdiction’s court proceedings to the attention of the Tribal Trial Court, e.g., in proceedings to enforce a judgment from another jurisdiction, must file an authenticated copy of all records of such proceeding, as required by Title VIII, chapter 3, section 312. We interpret the requirement of authentication in Title VIII, chapter 3, section 312 to apply to all Tribal Court proceedings in which a party seeks enforcement, recognition or application of the judgments of another jurisdiction. Thus, the Tribal Trial Court must review a full authenticated record of the state district court family proceedings, pri- or to making a decision based upon them.
As we also indicated in Fort Peck Court of Appeals Case No. 623, Title VIII CCOJ, chapter 5, section 501, Applicable Laws, authorizes the Tribal Court to apply of laws of other jurisdiction as follows;
In determining any case over which it has jurisdiction....
(d) Where appropriate, the Court may in its discretion be guided by statutes, common law or rules of decision of the State in which the transaction or occurrence giving rise to the cause of action took place.
In this proceeding, as in Appeal No 623, for the reasons set forth therein, it is appropriate for the Tribal Court to be guided by the provisions of the UCCJEA, on communication between courts, as adopted by the State of Montana. It is in the best interests of children involved in cases of this nature for any courts in which proceedings involving children have been filed, to be aware of proceedings in other courts, whether state or Tribal.
The UCCJEA requires a court to communicate when the court has been asked to act under the temporary emergency jurisdiction provision, codified in Montana state law at Mont. Code Ann. § 40-7-204. The UCCJEA also authorizes courts to communicate in instances involving non-emergency jurisdiction. As in Appeal No. 623, we remanding this matter to the Tribal Trial Court and are directing the Tribal Trial Court to communicate with the state district court concerning these proceedings.
The Tribal Trial Court was correct to comply with the federal Parental Kidnapping Prevention Act, a federal law applicable to Indian Tribes. However, the appellate record does not contain an au- *188 thentieated copy of the state district court record upon which the Court relied. Further, consultation with the state court exercising jurisdiction over this family is in the best interests of the children.
Therefore,
IT IS HEREBY ORDERED that the matter is remanded to the Tribal Trial Court for further proceedings in accordance with this Opinion, including consultation with the state district court in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act.